### ALBANY FERTILIZER COMPANY *v.* JAMES *et al.*

1. A paper purely testamentary in character, which was neither duly executed as a will nor admitted to probate as such, passed no title to property therein described, but was a mere nullity.

2. A charge which in dealing with such a paper embraced instructions warranting the jury in treating the same as a muniment of title was erroneous.

Submitted December 5, — Decided December 19, 1900.

Levy and claim. Before D. F. Crosland, judge pro hac vice. City court of Albany. March 12, 1900.

*D. H. Pope & Son*, for plaintiff.

LEWIS, J. Albany Fertilizer Company obtained a judgment against Juby James, in the city court of Albany, upon which a fi. fa. was issued, and by the sheriff levied on the following property: " One light bay mare mule name Della, one black mare mule name Bird, one black mare mule name Dell, one bay mare name Emma, one bay mare name Kate, 110 acres in cotton, and 50 acres more or less in corn, levied on as the property of the defendant." To this property a claim was filed by Richmond James and Mary James, and by Juby James, next friend of Florence, Oscar, Tossie, and Fannie James. When the case was called for trial, the claimants admitted the levy, and the possession of the property levied on in the defendant in fi. fa. at the time of the levy, and assumed the burden of proof. After the evidence and charge of the court,

the jury returned a verdict finding the property not subject; whereupon the plaintiff filed a motion for a new trial on several grounds, and excepts to the judgment of the court overruling the same.

It is not necessary in this connection to consider all the grounds in the motion for a new trial. It appears from the testimony in behalf of claimants that they relied upon the following paper as the basis of their title: "Doughty Co Ga. January 5 1894. this is to certify the will of Elizor James I hear by make my will one dark bay mear mule name bird one muse collard mear mule name bell one bay mear name Emer one two horse wagon one buggie three 350 hundred & fifty dollars in cash which are my own Personnel Propity I hear by will to my children All of said Propity which are above discrobe in this will to Richmon James Mary James Osker James Tossie James Fannie James Ritton by J S Williams Witness N. A. Dent W. W. Watson." This paper did not contain the signature of its alleged maker, Eliza James. It did not even have her mark to it. It was attested by only two witnesses. While they swore positively that she signed it, and they saw her sign it, yet they admitted they could see no signs of even a mark made by her upon the paper. The witness, however, who wrote the paper swore that she did not sign it, and the paper seems to bear evidence upon its face that her signature was never attached to it. It will be noted that the property described in the paper, with the exception perhaps of one or two of the stock levied on, was not included in the levy. It appears from the testimony that these claimants were the children of the defendant in fi. fa., and of his wife Eliza James. There was some evidence introduced, principally by the defendant in fi. fa., that the property levied on belonged to his wife. It was claimed that she gave it to these claimants, but the only basis of that gift is the written paper above. That paper was clearly testamentary in its character. There was no evidence that there ever was a delivery of any of the property levied on to either one of these claimants. Among the grounds in the motion for a new trial, besides the general ones, was an assignment of error on the admission of that paper in evidence, over the objection that the same was testamentary in its character, was not signed by the alleged maker, nor probated, nor properly witnessed, and could form the basis of no title to the property. Error is further assigned on the following charge of the court: "In this con-

nection I charge you, gentlemen, that while possession of the husband with the wife is presumptively his possession, yet actual possession by the donor is not essential to a gift; a party may make a gift of property not actually in his possession at the time.  To constitute a valid gift there must be three things, an intention to give by the donor, acceptance by the donee, and delivery of the things given, either actual or constructive.  .  .  A delivery may not be an actual manual delivery, but there may be a constructive delivery."  Objection is also made to the following charge: "A deed of gift, a written evidence of gift, will also dispense with an actual delivery.  Look to the evidence in this case and see whether or not the donor made and executed in writing a gift to this property, and if so it will dispense with an actual delivery."  There were several other charges of the court which in effect submitted the question to the jury as to whether this paper was intended to evidence a gift, and which authorized them to find the property not subject in the event they should reach this conclusion.  It is unnecessary to give in detail these various instructions.  The charges complained of were clearly erroneous.  It was the duty of the court to exclude the paper as a muniment of any title in these claimants.  It was testamentary in its character, and amounted to a mere nullity, not being either signed or attested as required by the statute relating to the execution of wills in this State.  The claimants utterly failed to make out any title whatever to the property, and having assumed the burden of proof, and having failed, it would have been proper to direct a verdict finding the property subject.  Because of the error in submitting wrong issues to the jury under the evidence, and because of the fact that there was no testimony to sustain the verdict, the court erred in overruling the motion for a new trial.          *Judgment reversed.  All the Justices concurring.*